IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZHUO ZHANG,

     Plaintiff,                                            06cv1140
                                                            **ELECTRONICALLY FILED**
     v.

MICHAEL CHERTOFF Secretary of the
Department of Homeland Security, EMILIO T.
GONZALEZ Director of U.S. Citizen and
Immigration Services, ROBERT S. MUELLER
Director of Federal Bureau of Investigation,

     Defendants.

### Memorandum Order

     This is an immigration case brought by *pro se* plaintiff, Zhou Zhang.  Plaintiff seeks mandamus and declaratory judgment relief to expedite the processing of her I-485 Application for Permanent Residence.  Defendants have filed a motion to dismiss, or in the alternative, a motion for summary judgment (doc. no. 3) arguing that this case is now moot because the relief she requested has been granted.  On October 24, 2006, this Court ordered plaintiff to respond to defendants' motion on or before November 6, 2006.  To date, no response has been received.

     When a Court considers a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it must first determine whether the defendant is making a factual or factual jurisdictional attack.  In a facial jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the Court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party.  *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d

884, 891 (3d Cir. 1977). In a factual jurisdictional attack, where the defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the standard of review is very different. "Because at issue in a factual 12(b)(1) motion is the trial court's [actual] jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 891. Thus, when presented with a factual 12(b)(1) motion, the Court may consider evidence outside of the pleadings, *id.*, and need only accept the plaintiff's uncontroverted allegations as true, *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)(citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939) and 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § § 1350, 1363, at 219-20, 457 (2d ed. 1990)).

Defendants argue that pursuant to Fed. R. Civ. P. 12(b)(1), this Court should dismiss this action for lack of subject matter jurisdiction because this case is now moot. Article III of the United States Constitution limits federal judicial power only to "cases or controversies." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Florida Pub. Interest Research Group Citizen Lobby, Inc. v. E.P.A.,* 386 F.3d 1070, 1085 (11th Cir. 2004).

In this case, because defendants have attached documentation (in the form of a letter from the Department of Homeland Security to plaintiff) evidencing that plaintiff's request for permanent residence was granted on September 25, 2006, and plaintiff is now a green card holder (and has been notified of such), and since plaintiff has failed to respond to defendants' motion to dismiss on the basis of mootness for failure to present a live case or controversy, this Court will grant defendants' motion to dismiss (doc. no. 3) because plaintiff's sole request for relief has

been satisfied, and therefore, her complaint is now moot.

Accordingly, judgment is hereby entered in favor of defendants and against plaintiff, and the Clerk shall mark the docket as closed.

SO ORDERED this 9th day of November, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record

Zhuo Zhang
Pro Se
P.O. Box 34
4 Riverside Road
Point Marion, PA 15474

Paul Kovac, Esquire
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219